October and November Term, 1881, No. 58.

# Kuntzler *versus* Rick.

As against the purchaser at a sheriff's sale of the interest of the vendee of land, there must be clear, explicit, and unequivocal proof, in order to convert a deed absolute on its face into a mortgage.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny County*.

Ejectment by John Rick against Peter Kuntzler to re-

cover possession of a lot of ground in the city of Pittsburgh, commenced February 28, 1880.

June 19, 1880, T. H. B. Patterson, a creditor of the defendant, who had obtained judgment against him since the commencement of the suit, was permitted to appear of record and defend.

Upon the trial in the Court below, before STOWE, J., the following facts appeared:

The property in dispute had belonged to Peter Kuntzler, who, January 25, 1876, executed a deed, conveying the premises to his brother, Nicholas Kuntzler. About 1879, Rick, the plaintiff, obtained a judgment against Nicholas Kuntzler, levied upon the property and caused it to be sold by the sheriff. At the sheriff's sale, Peter Kuntzler and his creditors gave notice that the property belonged exclusively to Peter Kuntzler, having been conveyed by him to Nicholas in trust for the purpose of making a mortgage for the benefit of Peter, and without consideration. Rick became the purchaser, and received a deed from the sheriff, dated January 17, 1880. He then brought this ejectment suit against Peter Kuntzler who had remained in possession.

Peter Kuntzler the defendant testified: At the time that I thought of making this conveyance, I went and spoke to Nicholas Kuntzler, and told him that I had an occasion to convey my property to him. I was some in debt at the time, and made it with an understanding that I should raise some money on this property through him to pay off my individual indebtedness. He agreed that he would hold it in trust for me, and that any time I wanted to raise any money on it, I was at liberty to do so. He did not pay me any money for the property.

Nicholas Kuntzler testified: I didn't say anything or he didn't; he didn't say what I was to do with it or anything of the kind; it was signed over to me.

Defendant requested the Court to charge:

1. That if the jury believe that the deed of Peter Kuntzler to Nicholas Kuntzler in evidence, was given by Peter to Nicholas upon a parol agreement that he should give his bond and execute a mortgage upon the premises conveyed to some person or persons in order to raise the sum of $1500, the proceeds of which were to be paid over to Peter, and he, Nicholas, would thereupon reconvey the property subject to said mortgage; that in pursuance of such agreement a bond and mortgage as aforesaid was made by Nicholas to S. H. French, but that no money was advanced thereon, and that no consideration whatever was paid to said Peter by said

Nicholas—such facts will constitute the deed of Peter to Nicholas, in fact a mortgage.

The Court refused this point and instructed the jury as follows:

" Under the view we take of this case, and the law as established, we instruct you, as matter of law, that, under all the evidence adduced, the plaintiff is entitled to your verdict."

To this ruling defendant excepted.

December 14, 1880, verdict for the plaintiff, upon which judgment was subsequently entered.

Defendant then took a writ of error, assigning as error the refusal of the above point.

*J. S. Ferguson* for plaintiffs in error.

The single question to be determined in this case is presented in the point which is the subject of our specification of error. If the facts therein suggested were believed by the jury, did they convert the deed of January 25, 1876, into a mortgage? If Nicholas Kuntzler had loaned Peter $1500, taking the deed as security for the repayment of the money, it cannot be questioned that parol evidence to that effect would be sufficient to convert the deed into a mortgage. If he had taken the deed upon a parol promise that he would thereafter loan Peter $1500, and would hold the land as security for its repayment, the transaction would only amount to a mortgage. Our books are full of authorities to this effect: Rhines *v.* Baird, 5 Wr., 256 ; Meyer's Appeal, 6 Wr., 518 ; Fessler's Appeal, 25 P. F. Smith, 483 ; Danzeisen's Appeal, 23 P. F. Smith, 65 ; Sweetzer's Appeal, 21 P. F. Smith, 264.

The retention of possession is and ought to be a circumstance of great weight in determining whether the conveyance, although absolute in form, was intended to pass the estate, or to be in the nature of a mortgage: Todd *v.* Campbell, 8 Casey, 250.

*J. M. Carpenter* for defendant in error.

If the transaction was an unrecorded mortgage, it would be void as against a subsequent creditor.

A purchaser at sheriff's sale is not affected by a notice given at the sale of a mortgage defectively recorded, where the judgment creditor had no notice thereof at the time his judgment was entered: Uhler *v.* Hutchinson, 23 Pa. St. R., 110; M. & M. Bank *v.* Bank of Penna., 7 W. & S., 335 ; Corpman *v.* Baccastow, 3 Norris, 363 ; Plumer *v.* Guthrie, 26 P. F. Smith, 441 ; Moon *v.* Wheeler, 8 Weekly Notes, 493.

OCTOBER 24TH, 1881.—PER CURIAM: In order to show by parol that a deed absolute on its face is a mortgage, the proof must be clear, explicit, and unequivocal: Plumer *v.* Guthrie, 26 P. F. Smith, 441. Tested by this well-recognized rule of law, the evidence was clearly insufficient to justify a verdict, that as between these parties the deed absolute on its face was in fact only a mortgage. The learned Judge committed no error in instructing the jury to return a verdict in favor of the plaintiff below.

Judgment affirmed.